**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

DENNIS HOOD,

                              Petitioner,

                  v.                                              No. 05-CV-717
                                                                   (FJS/DRH)

R. WOODS,

                              Respondent.

-----------------------------------------------------------------

**APPEARANCES:**                              **OF COUNSEL:**

DENNIS HOOD
Petitioner Pro Se
No. 03-A-4887
Fishkill Correctional Facility
Post Office Box 1245
Beacon, New York 12508

HON. ANDREW M. CUOMO                    LUKE M. MARTLAND, ESQ..
Attorney General for the State          FREDERICK H. WEN, ESQ
   of New York                          Assistant Attorney General
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

                  **REPORT-RECOMMENDATION AND ORDER**[1]

        Petitioner pro se Dennis Hood ("Hood") is currently an inmate in the custody of the New

York State Department of Correctional Services ("DOCS") at Fishkill Correctional Facility.  Hood

pleaded guilty on June 25, 2003 in Schenectady County Court for failure to register as a sex

_____

        [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

offender under the Sex Offender Registration Act (SORA), N.Y. Correct. Law § 168-f.  Pursuant

to his plea, Hood was sentenced to one and one-half to four and one-half years in prison.

Hood seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the following grounds:

     1. His sentence was excessive;

     2. He was wrongly convicted; and

     3. He was wrongly convicted of an offense in 1988.

For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On October 2, 1996, Hood was designated a Level Three Sex Offender based on his

history of sexual offenses[2] and assessed risk factor score pursuant to article 6-C of SORA.

Docket No. 16, Ex. B at 6.[3]   Based on this designation, Hood has been required to register his

home address annually with local law enforcement and the New York State Division of Criminal

Justice Services (DCJS).  N.Y. Correct. Law § 168-f (Megan's Law").  On October 21, 1999,

Hood was sentenced for failure to register pursuant to SORA, a class A misdemeanor.  Docket

No. 16, Ex. C at 4.  After serving ten days in prison, Hood was released but was arrested again

for failure to register on August 19, 2002.  Id.  Because this was Hood's second offense, he

was charged with a class D felony.  Based on a plea agreement, Hood pleaded guilty and was

---

[2]Hood is now 53.  See nys docs Inmate Information (visited Jan. 9, 2007)
<http://nysdocslookup.docs.state.ny.us/GCA0P00/WIQ1/WINQ000>.  Hood's prior
convictions and the basis for his status as a sex offender under SORA are set forth in
Respondent's Memorandum of Law (Docket No. 16) at 2 n.1.

[3] "Ex." followed by a number refers to the exhibits of the state court records filed by
respondent with his answer.  Docket No. 16.

sentenced as indicated above. Id.  On March 10, 2005, the Appellate Division unanimously

affirmed the conviction and sentence.  People v. Hood, 16 A.D.3d 778, 790 (3d Dep't 2005).

Hood's application for leave to appeal to the New York Court of Appeals was denied on April

30, 2005.  People v. Hood, 4 N.Y.3d 853 (2005).  Hood then filed a motion to vacate judgment

pursuant to N.Y. Crim. Proc. Law § 440.10, which was denied by the County Court on February

1, 2006.  Docket No. 16, Ex. J at 2.


## II. Discussion

### A. Exhaustion

    The purpose of the exhaustion doctrine is to ensure that the states' appellate processes

are not undermined as well as to ensure that "harmonious relations" continue between the state

and federal judicial systems.  Daye v. Attorney General, 696 F.2d 186, 190 n.3 (2d Cir. 1982).

A writ of habeas corpus may not be granted "unless it appears that the applicant has exhausted

the remedies available in the courts of the State, or that there is either an absence of available

State corrective process or the existence of circumstances rendering such process ineffective

to protect the rights of the prisoner." 28 U.S.C. § 2254(b).

     Hood's claim that his sentence is too severe falls under the Eighth Amendment

protection against cruel and unusual punishment.  Neither this claim nor his wrongful conviction

claims were raised on direct appeal or in his § 440.10 motion and are, therefore, not exhausted.

See Aparacio v. Artuz, 696 F.2d 186, 190 n.3 (2d Cir. 1982).  While Hood's DNA claim was

raised in his § 440.10 motion, it was not raised on direct appeal and thus is also unexhausted.

Although these claims are unexhausted, they cannot be returned to the New York Court of

Appeals.  Hood's failure to appeal within 120 days of his last appeal procedurally bars any new appeals.  <u>See</u> N.Y. Comp. Codes R. & Regs., tit. 22, § 600.8(b) (2006).  Therefore, Hood's claim is procedurally defaulted.

Federal courts will not review the merits of a procedurally defaulted claim unless the petitioner can show (1) cause for the default and actual prejudice resulting therefrom; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice.  <u>See</u> <u>Bossett v. Walker</u>, 41 F.3d 825, 828 (2d Cir. 1994).  Cause for the default can be established by showing that "some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  Actual prejudice can be established by showing a "reasonable possibility" that the results at trial would have been different.  <u>Kyles v. Whitley</u>, 514 U.S. 419, 434 (1995).

Hood's bare claims show no cause for his default.  Even if these claims had been raised, Hood cannot establish a "reasonable probability" that if a trial had been held, the results would have been different.  Finally, by pleading guilty, Hood effectively waived any defenses that would have proved his innocence.  Thus, Hood's claims are deemed unexhausted and his petition should be denied on this ground.

## B. Merits

### 1. Excessive Sentence

Hood contends that his sentence was excessive "for a first time felony [o]ffender," an argument essentially that the sentence imposed violates his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment is made applicable to the states through the Due Process

Clause of the Fourteenth Amendment and prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 433-34 (2001).  Relief under § 2254 is available to correct constitutional errors or violations of federal law, thus limiting review to determinations of whether convictions violate the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a) (1994); Estelle v. McGuiure, 502 U.S. 62, 68 (1991).   If a sentence falls within the maximum range prescribed by law, it is constitutional, valid and does not qualify for habeas relief.  See Underwood v. Kelly, 692 F. Supp. 146, 152 (E.D.N.Y. 1988).

Because Hood had previously been convicted of failing to register under SORA, this second offense became a class D felony.  N.Y. Correct. Law § 6-C  § 168-t.  New York law prescribes a minimum sentence for a class D felony of one year and a maximum of seven years. N.Y. Penal Law §§ 70.00(2)(d) & 3.  Therefore, Hood's sentence of one and one-half to four and one-half years imprisonment fit within this range and did not constitute cruel and unusual punishment.   Hood's petition on this ground should be denied in the alternative on its merits.

## 2. Actual Innocence

Hood claims that he was wrongly convicted in 2002 because of inaccuracies in the time of his arrest and because he was "set up" by his probation officer.  Habeas corpus, if reduced to its core function, serves to free those unconstitutionally incarcerated.  See Alexander v. Keane, 991 F. Supp. 329, 338 (S.D.N.Y. 1998).  The judicial system finds unconstitutional incarceration so repugnant that if actual innocence can be demonstrated then it overrides procedural bars such as exhaustion and procedural default.  Id. at 335.

To prove actual innocence in a habeas corpus petition, Hood would have to present "new reliable evidence" that proved his innocence beyond a reasonable doubt. Hamilton v. Miller, 292 F. Supp. 2d 437, 439 (E.D.N.Y. 2003). Such evidence can include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995). In habeas corpus petitions, the factual findings by the state court are assumed to be correct and, therefore, the burden rests on the petitioner to prove that aside from constitutional error, the new evidence would convince any reasonable fact finder that the petitioner is innocent of his crime. See 28 U.S.C. § 2254(e).

Hood acknowledged his guilt during his guilty plea allocution. Transcript of Guilty Plea (Docket No. 16, Chapleau Affirm. (Ex. I) at Ex. 3). There also existed documentary and testimonial evidence of Hood's non-registration which corroborated his admission of guilt. Against this record, Hood offers no new evidence or affidavits to support his claims of inaccuracies in the arrest record and that he was set up by his probation officer. Instead, he has offered only unsupported, conclusory allegations. Because there is no reasonable possibility that the allegations are true, Hood has not proven his innocence beyond a reasonable doubt and is not entitled to a hearing based on a claim of actual innocence. Hood's petition on this ground should also be denied in the alternative on the merits.

### 3. DNA Evidence

Finally, Hood claims that if he were granted a DNA test, it would prove his innocence of a 1988 crime for which he was convicted. Hood's attorney did not err in not introducing DNA evidence at the time of trial both because it is not clear that such evidence existed and because

DNA evidence was inadmissible in New York courts until March 1994.  See People v. Wesley, 611 N.Y.S.2d 97 (1994).  State courts only must grant a motion for DNA evidence when circumstances exist that "if a DNA test had been conducted on [evidence containing DNA], and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant."  N.Y. Crim. Proc. Law § 440.30(1-a).  Once again, Hood's wholly unsubstantiated claim does not provide a reasonable probability that if the DNA evidence had been included, the results of the trial would have been different.  Therefore, the state court's decision was reasonable and does not constitute a basis for habeas corpus relief.  In addition, issues related to the 1988 conviction are irrelevant to the 2002 conviction at issue here.

Therefore, in the alternative, the petition on this ground should also be denied on its merits.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir.

1989); 28 U.S.C. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


**IT IS SO ORDERED.**


Dated: January 10, 2007

       Albany, New York

United States Magistrate Judge